DAVID J. MERRILL
Nevada Bar No. 6060
DAVID J. MERRILL, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 566-1935
Facsimile: (702) 924-0787
E-mail: david@djmerrillpc.com
Attorney for WELLS FARGO BANK, N.A.,
and GOLDEN WEST SAVINGS
ASSOCIATION SERVICE COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIMITRITZA TOROMANOVA, an individual, and DAVID WYNN MILLER, an individual,<br><br>          Plaintiffs,<br><br>vs.<br><br>WORLD SAVINGS BANK, FSB; WELLS FARGO BANK, N.A; GOLDEN WEST SAVINGS ASSOCIATION SERVICE COMPANY,<br><br>          Defendants. | Case No.:   2:10-CV-02193-PMP-(GWF) |

**MOTION TO DISMISS AND TO EXPUNGE LIS PENDENS**

Wells Fargo Bank, N.A., which is improperly named in the complaint as both World Savings Bank, FSB and Wells Fargo Bank, N.A., and Golden West Savings Association Service Co. (collectively, "Wells Fargo") move this Court to dismiss the complaint with prejudice pursuant to Fed. R. Civ. P. 8 and 12(b)(6), and to expunge the *lis pendens* recorded against the property at issue.

1

Wells Fargo bases this motion on the following memorandum of points and authorities, the papers on file with this Court, including the Complaint, any documents incorporated by reference or attached to the Complaint, and any oral argument that this Court may entertain.

DATED this 29th day of July 2011.

DAVID J. MERRILL, P.C.

By: /s/ David J. Merrill
DAVID J. MERRILL
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 566-1935
Attorney for WELLS FARGO BANK, N.A., and GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION AND STATEMENT OF FACTS**

On December 17, 2010, the plaintiffs filed a complaint against Wells Fargo. (*See* Doc. 1.)[1] The complaint is entirely unintelligible. (*See id.*) The complaint contains no understandable factual allegations. (*See id.*) Instead, the complaint simply cites to a litany of federal statutes and apparently is complaining about the grammar and syntax used in a deed of trust, which the plaintiffs attached to the complaint. (*See id.*) The deed of trust evidences a loan made by Wells Fargo to the plaintiff on March 2, 2006 in the amount of $288,000.00, which was secured by a deed of trust recorded on property located 2912 Hot Cider Avenue, North Las Vegas, Nevada 89031-5103. (*See id.*) The plaintiffs have gone through the deed of trust and apparently placed a number above each word, ostensibly identifying each word as an adverb, verb, adjective, etc. (*See id.*) However, the complaint contains no substantive factual allegations from which Wells Fargo (or the Court) can determine exactly what the plaintiffs believes Wells

---

[1] It is unclear whether the plaintiffs ever properly served the Complaint upon Wells Fargo. Nevertheless, on November 24, 2010, before filing the Complaint, the plaintiff filed for bankruptcy, which, arguably prevented Wells Fargo from seeking dismissal. *See In re Dimitritza H. Toromanova*, No. 10-32163-BAM (Bank. D. Nev. Nov. 24, 2010). However, on June 29, 2011, the Bankruptcy Court entered an Order Discharging Trustee and Closing of Dismissed Case. *See id.* (Doc. 25).

2

Fargo has done to cause them harm. (*See id.*) Nevertheless, on February 14, 2011, the plaintiff recorded a lis pendens on the property.[2] However, because the complaint fails to state a claim upon which relief may be granted and fails to provide a short and plain statement of the claim, Wells Fargo respectfully requests that the Court dismiss the complaint and expunge the *lis pendens*.

## II.  ARGUMENT

**A.  The Court should dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and for failure to comply with Fed. R. Civ. P. 8(a).**

The Federal Rules of Civil Procedure provide two grounds upon which this Court can dismiss the Complaint in this instance:  Fed. R. Civ. P. 41(b) for failure to comply with Rule 8(a) and Fed. R. Civ. P. 12(b)(6).

First, the Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'Prolix, confusing complaints' should be dismissed because 'they impose unfair burdens upon litigants and judges.'" *Wrzesinski v. Wells Fargo Bank, N.A.*, No. 2:10-CV-02085-GMN-(GWF), 2011 WL 2413843, at *2 (D. Nev. June 10, 2011) (quoting *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996)). "Thus, a complaint may be dismissed if it is so 'verbose, confused and redundant that its true substance, if any, is well disguised.'" *Id.* (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)).

Second, a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007).

While a court considering a motion to dismiss must accept as true the factual allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740, 96

---

[2]  Attached as Exhibit A is a true and correct recorded copy of the lis pendens, of which Wells Fargo respectfully requests that the Court take judicial notice. *See* Fed. R. Evid. 201(b).

3

S. Ct. 1848 (1976), must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S. Ct. 1843 (1969), the allegations must be factual in nature. *See Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

The Ninth Circuit follows the methodological approach set forth in *Iqbal* for the assessment of the Complaint:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Moss v. U.S. Secret Service*, 572 F.3d 962, 970 (9th Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at (1950)).

Here, the complaint is entirely unintelligible. All that can be gleaned from the complaint is that the plaintiff is in some manner complaining about the deed of trust recorded upon her property as a result of a $288,000.00 loan she obtained from Wells Fargo in March 2006. In fact, the complaint seems to imply that the plaintiffs' issue is with the grammar or "syntax" used in the deed of trust, as she has gone through the entire document and labeled the words used as an adverb, verb, adjective, etc. In short, the complaint fails to give Wells Fargo, or the Court, adequate notice of the plaintiffs' causes of action. *See Wrzesinski*, 2011 WL 2413843, at *2. Both the Court and Wells Fargo could "spend a full day trying to sort through the allegations and statutes cited in" in the complaint and still could not determine what the plaintiffs claim. *See id.* Accordingly, the Court should dismiss the complaint. *See id.*

**B.     The Court should expunge the lis pendens since the plaintiffs' have no claim against Wells Fargo.**

Although a *lis pendens* is proper in any action "affecting the title or possession of real property," NRS § 14.010(1), it must be cancelled when the court dismisses the action. *See McNair Builders, Inc. v. 1629 16th Street, L.L.C.*, 968 A.2d 505, 508 (D.C. 2009); *Hawk v. Estate of Hawk*, 2006 WL 2433966, at 6 (Tex. Civ. App. 2006) (affirming trial court's cancellation of lis pendens after summary judgment, because "lis pendens [was] no longer necessary"). Here, because dismissal of the complaint is warranted, the plaintiffs would no longer have an action "affecting the title or possession of real property." *See* NRS 14.010(1). As such, the Court should order release of the *lis pendens* along with dismissing the case.

### III. CONCLUSION

For the foregoing reasons, Wells Fargo respectfully requests that the Court: (1) dismiss the complaint; and (2) expunge the lis pendens.

DATED this 29th day of July 2011.

                              DAVID J. MERRILL, P.C.

By: /s/ David J. Merrill
DAVID J. MERRILL
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 566-1935
Attorney for WELLS FARGO BANK, N.A. and GOLDEN WEST SAVINGS ASSOCIATION SERVICE COMPANY

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 29th day of July 2011, service of the foregoing Motion to Dismiss and to Expunge Lis Pendens was made to all counsel in the action through the Court's CM/ECF system. In addition, service of the following was completed by United States Mail, first class postage prepaid:

Dimitritsa Toromanova  
Post Office Box 19153  
Las Vegas, Nevada  89132

David Wynn Miller  
5166 North 63rd Street  
Milwaukee, WI  53218

_____  
An employee of David J. Merrill, P.C.

**EXHIBIT A**



Inst #: 201102140001641
Fees: $15.00
N/C Fee: $25.00
02/14/2011 12:01:26 PM
Receipt #: 676153
Requestor:
DIMI TOROMANOVA
Recorded By: MGM Pgs: 2
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**

## RECORDING COVER PAGE

Must be typed or printed clearly in black ink only.

APN# 124-32-415-039

11 digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx

### TITLE OF DOCUMENT (DO NOT Abbreviate)

Lis-Pendens

Title of the Document on cover page must be EXACTLY as it appears on the first page of the document to be recorded.

**Recording requested by:**

**Return to:**

Name DIMITRITZA TOROMANOVA
Address PO BOX 19153
City/State/Zip LAS VEGAS, NV, 89132

This page provides additional information required by NRS 111.312 Sections 1-2.

An additional recording fee of $1.00 will apply.

To print this document properly—do not use page scaling.

P:\Recorder\Forms 12_2010

## ~LIS-PENDENS~

:C.-S.-S.-C.-S.-L.-FLAG OF THIS CONTRACT-CORPORATION-VESSEL-COURT.
IN THE CONTRACT-STATES-POSTAL-SERVICE-DI-STRICT-COURT OF THE NEVADA-STATE-TERRITORY.

### FOR THIS-GOLD-CERTIFICATE-OF THIS EQUITY-LIS-PENDENS-LIEN IS WITH THIS CLIAM OF THIS Dimitritza: Toromanova

FOR THIS POSTAL REGISTRATION-IDENTIFICATION-NUMBER-~2:10-CV-02193-PMP-GWF, OF THE REAL-EQUITY-GOLD-CERTIFICATE-VALUE-LIEN WITH THE CARETAKER-TRUSTEE: Dimitritza: Toromanova OF THE REAL-PROPERTY-LOCATION:-~2912--HOT-CIDER-AVENUE-IN THE CITY OF THE-NORTH-LAS-VEGAS IN THE STATE OF THE-NEVADA-~89031-5103.
~1 FOR THIS CONTRACT-STATES-POSTAL-SERVICE-REGISTRATION-MAIL-NUMBER-~2:10-cv-02193-PMP-GWF OF THE CARETAKER-TRUSTEE: Dimitritza: Toromanova IS WITH THE CLAIM OF THE FINANCIAL-SECURITY-HOLDING-CERTIFICATE-NAME: CARETAEER-TRUSTEE: Dimitritza: Toromanova ON THE DATE-~11-~JANUARY-~2011 BY THE CARETAKER-TRUSTEE: Dimitritrza: Toromanova.
~2 FOR THIS CLAIMANT'S-KNOWLEDGE OF THIS GOLD-CERTIFICATE-EQUITY IS WITH THIS EQUITY-VALUE-CLAIM OF THIS TIME-STAMP WITH THIS MEASUREMENT-VALUE OF THESE 285-ONE-TROY-OUNCE-.999-FINE-GOLD-COINS WITH THE GOLD-MERCANTILE-COMMODITIES-RATE OF THIS REAL-PROPERTY WITH THIS CARETAKER-TRUSTEE: Dimitritrza: Toromanova.
~3 FOR THIS CARETAKER-TRUSTEE OF THIS CLAIM IS WITH THE C.-S.-S.-C.-S.-L.-EQUITY-CLAIM.
~4 FOR THE OCCUPANCY-FACT ON THIS DATE-~02-~MARCH-~20 IS WITH THIS AUTHORIZATION-CLAIM OF THE CARETAKER-TRUSTEE-SECURITY-LABORS-FEE--DUE AT THE NEVADA-MINIMUM-WAGE-PAY WITH **THIS** C.-S.-S.-C.-S.-L.-TRANSFER OF THE REAL-PROPERTY'S-EQUITY WITH THIS GOLD-CERTIFICATE-LIS-PENDENS-LIEN OF THE REAL-PROPERTY-LOCATION-HEREIN WITH THE GOLD-CERTIFICATE-EQUITY-VALUE:$340,440.00 OR: TWO-HUNDRED AND FORTY-SIX (246)-TROPY-OUNCES-.999-FINE-GOLD-FEES-DUE WITH THIS NOW- TIME-DATE-~17-~DECEMBER-~2010 TO THE CARETAKER-TRUSTEE: Dimitritza: Toromanova. [REGTSTRY-DEEDS-BOOK-PAGE-~REGISTRATION-SCROLL]
~5 FOR THIS NOW-TIME-FACT OF THIS CARETAKER-TRUSTEE IS WITH THE C.-S.-S-C.-S.-L.-AUTHORIZATION-CLAIM BY THIS CARETAKER-TRUSTEE: Dimitritza: Toromanova.
~6 FOR THIS CARETAKER-TRUSTEE OF THIS GOLD-VALUE-EQUITY-CERTIFICATE-VESSEL IS WITH THIS DOCUMENT-LES-PENDENS-CLAIM OF THE C.-S.-C.-S.-L. WITH THE TITLE-~42: U.-S.-C.-S-1986 BY THE CARETAKER-TRUSTEE: Dimitritza: Toromanova's-KNOWLEDGE.
~7 FOR THE BREACH OF THE CARETAKER-TRUSTEE: Dimitritrza: Toromanova's-C.-S.-S.-C.-S.-L.-LES-PENDENS-AUTHORIZATION-CLAIM IS WITH A VIOLATION-DAMAGE-CLAIM OF THE TITLE-~18: U-S.-C.-S.-~1001 AND: WITH THE FRAUD-AND-MISLEADING-STATEMENTS: TITLE-~15: U. -S.-C.-S.-~1692-~e AND WITH THE title: 15: U.-S.-C.-S.-~78 ~FF WITH THE FINE-PENALTY; $25-MILLION BY THE FICTITIOUS-USE WITH THE FRAUDULENT-COMMUNICATIONS: TITLE-~18: D- S.-C.-S.-~1341: MAIL-FRAUD OF THE TORT-DAMAGE AGAINST THIS CARETAKER-TRUSTEE: Dimitritza: Toromanova's- KNOWLEDGE
~8 FOR THIS BREACH OF THIS CERTIFICATE-HOLDER'S-DUTY IS WITH THIS CLAIM OF THE VOLITION WITH THE PERJURY OF THIS DUTY WITH THE TITLE-~ 18: U.-S.-C.-S.-~1621 BY THE CARETAKER-TRUSTTE: Dimitritza: Toromanova's-KNOWLEDGE.~9 FOR THE CARETAKER-TRUSTEE: Dimitritza: Toromanova's-KNOWLEDGE AS THE GOLD-CERTIFICATE-HOLDER IS WITH THE GOLD-CERTIFICATE-CLAIM OF THE EQUITY-VALUE-LESS WITH THE REAL-PROPERTIES-HEREIN DEBTS.~10 FOR THIS LIS-PENDENS-LIEN OF THE HEREIN-EQUITY IS WITH THE EQUITY-VALUE-CARETAKERTRUSTEE'S-FEE-CLAIM BY THIS CERTIFICATE-HOLDER-NAME: CARETAKER-TRUSTEE Dimitritza: Toromanova ON THE DATE-~11-~JANUARY-~2011.

_[signature/seal]_ :SEAL.
: TRUSTEE: DIMITRITZA TOROMANOVA
WITNESS:
:CLAIM OF THESE TERMS:
:U.-S.-C.S. =:UNITED-STATES-CODES-SECTION.
:D.-S.-C.-S. = DOCUMENT -STATES-CLAIMS-SECTION,
  :LOCATION-TILDE
:C.-S.-S.-C.-P.-S.-L.=:CORRECT-SENTENCE-STRUCTURE-COMMUNICATION-SYNTAX-LANGUAGE.
WITH THIS COPYCLAIM/COPYRIGHT-~11-~JANUARY-~2011 BY THE PLENIPOTENTIARY-JUDGE: David-Wynn: Miller OF THIS CONTRACT-STATES-CORPORATION-VESSEL AND: CARETAKER-TRUSTEE: Dimitritza: Toromanova.